

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,609

### EX PARTE ANSO SHARUE HILL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 15593 IN THE 2nd DISTRICT COURT FROM CHEROKEE COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of burglary of a habitation with intent to commit sexual assault and sentenced to twenty years' imprisonment.

Applicant contends that his counsel, through no fault of his own, rendered ineffective assistance because counsel failed to timely file a notice of appeal.  Specifically, the Applicant alleges that while counsel was appointed in a timely manner, he was not notified of that appointment in a timely manner.  We remanded this application to the trial court for findings of fact and conclusions

of law.

The trial court has determined that trial counsel was not notified of his appointment in a timely manner and, as a result, the Applicant was deprived of his meaningful right to a direct appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 15593 from the 2nd Judicial District Court of Cherokee County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. It appears from the record that Applicant is currently represented by appointed counsel. However, if Applicant is no longer represented by counsel, within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 24, 2011
Do Not Publish